# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

James Scott Alva,

     Plaintiff

v.

Titsworth, et al.,

     Defendants

Case No.: 2:18-cv-00476-JAD-PAL

**Order Screening
Complaint and
Dismissing Case**

Plaintiff James Scott Alva, a prisoner in the custody of the Federal Bureau of Prisons, brings this "criminal" action pro se and seeks to appear *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] Federal courts have the authority to dismiss a case if "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2] This provision applies to all actions filed *in forma pauperis*.[3]

In this case, Alva purports to be a "private prosecutor" issuing a criminal complaint to charge CoreCivic employees with criminal conspiracy and deprivation of civil rights under 18 U.S.C. §§ 241-242.[4] I acknowledge the existence of private prosecutors but, in modern times, they appear to only be used in criminal contempt proceedings.[5] Alva is not attempting to

---

[1] ECF Nos. 6, 6-1.

[2] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

[4] ECF No. 6-1.

[5] *See* Fed. R. Crim. P. 42(a)(2); *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 800–01 (1987) (holding that "courts have long had, and must continue to have, the authority to appoint private attorneys to initiate" criminal contempt proceedings "when the need arises"); *see*

prosecute a criminal contempt proceeding. Instead, he is attempting to charge and prosecute defendants for criminal conspiracy and deprivation of rights. The decision whether to prosecute and what to file or bring before a grand jury are decisions that generally rest within the discretion of a public prosecutor.[6] Alva thus may not charge and prosecute defendants for criminal conspiracy and deprivation of rights.

To the extent that Alva is attempting to raise civil claims under 18 U.S.C. §§ 241–242, he cannot do so. These statutes are criminal provisions that provide no basis for civil liability.[7] So I dismiss this entire "criminal" complaint with prejudice because amendment would be futile.[8]

## Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court FILE the complaint [ECF No. 6-1].

IT IS FURTHER ORDERED that **this case is DISMISSED with prejudice** and without leave to amend because amendment would be futile.

IT IS FURTHER ORDERED that Alva's application to proceed *in forma pauperis* **[ECF No. 6] is DENIED** as moot.

---

*Robertson v. U.S. ex rel. Watson*, 560 U.S. 272 (2010) (cert. dismissed as improvidently granted) (Roberts, C.J., dissenting ("When we granted certiorari, we rephrased the question presented to focus on that issue: 'Whether an action for criminal contempt in a congressionally created court may constitutionally be brought in the name and pursuant to the power of a private person, rather than in the name and pursuant to the power of the United States.' . . . The answer to that question is no.").

[6] *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

[7] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

[8] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (holding that **Error! Main Document Only.**"[a] *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").

I certify that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk of the Court is directed to CLOSE THIS CASE AND ENTER JUDGMENT accordingly.

Dated: April 20, 2019

_____ _____
U.S. District Judge Jennifer A. Dorsey